# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-1017V
**Filed: June 8, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| DANA M. BRASHER, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages and |
| v. | * | Attorneys' Fees and Costs; |
| | * | Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH | * | Cellulitis; Pyoderma Gangrenosum; |
| AND HUMAN SERVICES, | * | Polyglandular Autoimmune |
| | * | Syndrome. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

On December 26, 2013, Dana M. Brasher ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on November 28, 2012, she suffered a significant lesion, complications with her left shoulder and arm, immune system dysregulation, and polyglandular autoimmune syndrome ("PGA"). Petition at 1, filed Dec. 26, 2013. Over the course of the litigation, petitioner no longer alleged that the flu vaccine caused her to suffer PGA, and instead alleged that she suffered from pyoderma gangrenosum as a result of

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

the vaccination. Petitioner further alleged that she experienced residual effects of her injuries for more than six months.

On June 7, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent concedes that the flu vaccine caused petitioner to suffer cellulitis in her left arm, but contests that she suffered the residual effects of her injury for more than six months. Stipulation for Award at ¶ 6, filed June 7, 2016. Further, respondent denies that the flu vaccine caused petitioner to suffer any other injury or condition, including but not limited to pyoderma gangrenosum. Id. Nevertheless, the parties agree to the joint stipulation attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs. The parties agree to a total award of attorneys' fees and costs in the amount of $109,315.00. In accordance with General Order #9, petitioner represents that she did not personally incur costs related to this proceeding. Id. at ¶ 8(b). The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following compensation:

1) **A lump sum of $165,000.00, in the form of a check payable to petitioner, Dana M. Brasher. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

2) **A lump sum of $109,315.00, in the form of a check jointly payable to petitioner and to petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

Id. at ¶ 8.

The undersigned approves the requested amounts for petitioner's compensation. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                          **s/ Thomas L. Gowen**
                                          Thomas L. Gowen
                                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DANA M. BRASHER,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 13-1017V<br>Special Master Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Dana M. Brasher, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ms. Brasher's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received her flu vaccine on November 28, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine she received on November 28, 2012, caused her to suffer "a significant lesion," "complications with her left shoulder and arm," along with "immune system dysregulation and polyglandular autoimmune syndrome (PGA)." Petition at 1. During the proceedings, petitioner ceased to allege that the flu vaccine caused her to suffer PGA and instead alleged that she suffers pyoderma gangrenosum ("PG") as a result of the vaccination. Petitioner alleges that she suffered the residual effects of her injuries for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent concedes that the flu vaccine caused petitioner to suffer cellulitis in her left arm, but contests that she suffered the residual effects of her injury for more than six months. Respondent denies that the flu vaccine caused petitioner to suffer any other injury or condition, including but not limited to pyoderma gangrenosum.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $165,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

   b. A lump sum of $109,315.00, in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, pursuant to 42 U.S.C. § 300aa-15(e), for attorneys' fees and costs. In accordance with General Order #9, petitioner represents that she incurred no out-of-pocket litigation expenses in proceeding on the petition.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 28, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about December 23, 2013, in the United States Court of Federal Claims as petition No. 13-1017V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to suffer any injury or condition other than cellulitis of her left arm.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*[signature]*
DANA M. BRASHER

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
ANDREW D. DOWNING
VAN COTT & TALAMANTE, PLLC
3030 N. Third Street, Suite 790
Phoenix, Arizona 85012
Tel: (602) 257-9160
Fax: (602) 257-9180

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
~~VINCENT J. MATANOSKI~~ CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]* FNR
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
    Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: June 7, 2016

5