# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-1017V
Filed: November 4, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| DANA M. BRASHER, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 26, 2013, Dana M. Brasher ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on November 28, 2012, she suffered a significant lesion, complications with her left shoulder and arm, immune system dysregulation, and polyglandular autoimmune syndrome ("PGA"). Petition at 1. Over the course of the litigation, petitioner no longer alleged that the flu vaccine caused her to suffer PGA, and instead alleged that she suffered from pyoderma gangrenosum as a result of the vaccination. Petitioner further alleged that she experienced residual effects of her injuries for more than six months.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 7, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and a Decision awarding compensation pursuant to the terms of the stipulation was issued that same day. The parties also stipulated to an award of attorneys' fees and costs in the amount of $109,315.00, and the Decision awarded fees and costs in that amount. Judgment entered on the Decision awarding petitioner's compensation and attorneys' fees and costs on June 17, 2016.

On October 18, 2016, petitioner filed a motion for additional costs. Petitioner states:

> [d]espite attempting to contact Petitioner's expert prior to submitting Petitioner's request for fees and expenses, a portion of Petitioner's expert fees were unbilled by Dr. Carson for his work in responding to Respondent's expert report. The additional amount billed and paid was $1,200.00 . . . . Petitioner has consulted with Respondent's Counsel, who does not object to an additional award of costs in this matter to cover the reimbursement to Dr. Carson.

Petitioner's Supplemental Motion at 1. Petitioner notes that Dr. Carson "had retired and moved to Europe subsequent to his rendering of his response to Respondent's Expert, and only just recently contacted Petitioner as to the additional amount billed." Id. at 1 n.1.

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioner was awarded compensation pursuant to the joint stipulation agreement. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs. Pursuant to Vaccine Rule 13, "[a]ny request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa-15(e) must be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings." In this case, judgment on petitioner's compensation entered June 17, 2016. Accordingly, a request for costs may be made up until December 14, 2016, and petitioner's supplemental motion is timely. Based on the reasonableness of petitioner's request and the lack of objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

The undersigned awards attorneys' costs as follows:

**(1) A lump sum of $1,200.00 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

<u>s/Thomas L. Gowen</u>  
Thomas L. Gowen  
Special Master
